[Cite as *State v. Magby*, 2019-Ohio-877.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RONALD MAGBY,

Defendant-Appellant.

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0006**

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 16 CR 38

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed

*Atty. Paul Gains,* Prosecuting Attorney, *Atty. Ralph Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Lynn Maro*, Maro & Schoenike Co., 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
March 5, 2018

---

**Donofrio, J.**

{¶1}    Defendant-appellant, Ronald Magby, appeals his convictions in the Mahoning County Common Pleas Court following guilty pleas for aggravated arson, domestic violence, kidnapping, felonious assault, and attempted murder.

{¶2}    On January 13, 2016, a fire broke out at appellant's house. Appellant and his girlfriend were present in the home when the fire occurred. Only appellant sustained injuries and he was taken to the hospital. Upon appellant's release from the hospital, he was arrested for intentionally causing the fire with his girlfriend in the house.

{¶3}    On February 11, 2016, a Mahoning County Grand Jury indicted appellant on four counts: count one for aggravated arson in violation of R.C. 2909.02(A)(1)(B)(1)(2), a first-degree felony; count two for kidnapping in violation of R.C. 2905.01(A)(3)(C), a first-degree felony; count three for attempted aggravated murder in violation of R.C. 2903.01(B)(F) and R.C. 2923.02(A), a first-degree felony; and count four for domestic violence in violation of R.C. 2919.25(A)(D), a fourth-degree felony.

{¶4}    On March 31, 2016, a superseding indictment was issued. In addition to the original four counts, the superseding indictment charged appellant with another three counts: count five for kidnapping in violation of R.C. 2905.01(A)(2)(C), a first-degree felony; count six for felonious assault in violation of R.C. 2903.11(A)(2)(D), a second-degree felony; and count seven for attempted murder in violation of R.C. 2903.02(A)(D) and R.C. 2923.02(A), a first-degree felony.

{¶5}    Appellant initially entered a not guilty plea to the charges. On November 30, 2016, appellant reached a plea agreement with plaintiff-appellee, the State of Ohio. Appellant was to plead guilty to counts one, four, five, six, and seven. In exchange, the state agreed to dismiss counts two and three. The state also agreed to recommend a sentence of eight years. Appellant was also to register as an arson offender.

{¶6}    On the same day appellant and the state reached the plea agreement, the trial court held a change of plea hearing. During the plea colloquy at the hearing, the trial court asked appellant, "[d]o you also understand that by pleading guilty to the charges

you're admitting that you committed each of those crimes?" (Plea Tr. 6). Appellant responded, "[n]o. No, I didn't commit none of the crimes." (Plea Tr. 6). The trial court informed appellant that, in order to receive the plea agreement, he had to plead guilty to the amended indictment. (Plea Tr. 6-7). When discussing the potential sentence if appellant was found guilty on all seven counts, both appellant's counsel and the state informed the trial court that the potential cumulative sentence was 64 and one half years of incarceration. (Plea Tr. 14). Eventually, appellant accepted the plea agreement. The trial court accepted appellant's guilty plea and the trial court set the matter for sentencing.

{¶7} On December 20, 2016, prior to appellant's sentencing date, appellant filed a pro se motion to withdraw his guilty plea. Appellant argued that he never consented to a recommended sentence of eight years of incarceration. Appellant also argued that his counsel misled him concerning his plea agreement.

{¶8} The trial court addressed appellant's motion at the December 28, 2016 sentencing hearing. Appellant and his counsel both confirmed that appellant was withdrawing his pro se motion to withdraw his guilty plea.

{¶9} For purposes of sentencing, the trial court merged the kidnapping and felonious assault convictions with the attempted murder conviction. The trial court sentenced appellant to eight years for aggravated arson, six months for domestic violence, and eight years for attempted murder. The trial court ordered these sentences to be served concurrently for a total of eight years in prison.

{¶10} On January 4, 2017, appellant filed another pro se motion to withdraw his guilty plea. In this motion, appellant argued that the victim in this case lied about material facts related to the charges. Appellant also argued that the injuries he sustained as a result of the fire affected his ability to think rationally and that his court-appointed counsel informed him that in order to get medical treatment for his burns, he had to plead guilty.

{¶11} Prior to the trial court ruling on appellant's motion, appellant filed a notice of appeal on January 13, 2017. On January 18, 2017, the trial court denied appellant's motion to withdraw his guilty plea. On February 8, 2017, this court ordered the record supplemented with all judgment entries up to January 18, 2017. Appellant now raises three assignments of error.

{¶12} Appellant's first assignment of error states:

Case No. 17 MA 0006

THE TRIAL COURT ERRED IN PROVIDING INACCURATE INFORMATION AS TO THE POTENTIAL MAXIMUM SENTENCE FACED IF APPELLANT PROCEEDED TO TRIAL RENDING [sic.] HIS PLEA INVOLUNTARILY IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶13}** Appellant argues that his guilty plea was not knowing, intelligent, or voluntary for two reasons. First, appellant argues that the trial court misadvised him of his potential sentence if found guilty on all seven charges. Second, appellant argues that the trial court failed to advise him about the lifetime arsonist registration if he were convicted.

**{¶14}** Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. *State v. Wright,* 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights. *Id.*

**{¶15}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id.,* citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶16}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (postrelease control is a non-constitutional advisement).

**{¶17}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474

(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶18}** Appellant only argues that the trial court did not substantially comply with informing him of non-constitutional rights pursuant to Crim.R. 11(C)(2). He argues that the trial court misadvised him regarding his potential sentence. The trial court advised appellant that he faced a potential sentence of: 11 years for aggravated arson; 18 months for domestic violence; 11 years for the first kidnapping charge; 8 years for felonious assault; 11 years for attempted murder; 11 years for the second kidnapping charge; and 11 years for attempted aggravated murder. (Plea Tr. 14). Both appellant's counsel and the state agreed that the potential maximum sentence appellant faced, with no merger and no concurrent sentences, was 64 and one-half years. (Plea Tr. 14).

**{¶19}** After hearing the potential sentence, appellant consulted with his counsel off the record. Appellant then pled guilty to all counts of the amended indictment. (Plea Tr. 14-15).

**{¶20}** Appellant argues the advisement of 64 and one-half years was incorrect because many of the counts would have merged for sentencing purposes. Appellant argues that this is evidenced by the fact that the trial court merged counts five and six with count seven at the sentencing hearing. (Sent. Tr. 14). Appellant argues that the actual potential sentence he faced, including the merging of all offenses, was 45 and one-half years.

**{¶21}** In support of his argument, appellant cites *State v. Calvillo*, 76 Ohio App.3d 714, 603 N.E.2d 325 (8th Dist.1991). In *Calvillo*, Calvillo pleaded guilty to felonious assault and having a weapon under a disability. *Id.* at 716. At the plea hearing, the trial court informed Calvillo that the potential sentence for felonious assault was five, six, seven, eight, or nine to twenty years of incarceration. *Id.* at 720. The court also informed Calvillo that the potential sentence for having a weapon under disability was six months, one year, or one and a half years of incarceration. *Id.*

**{¶22}** On appeal, the Eighth District noted that the correct potential sentence for felonious assault was three, four, five, six, seven, or eight to fifteen years and the correct potential sentence for having a weapon under disability was one and one-half years, two years, two and one-half years, or three to five years. *Id.* The Eighth District concluded that Calvillo's guilty plea was not knowing, intelligent, or voluntary because he was not informed of the maximum penalty involved. *Id.* at 720-721.

**{¶23}** Appellant also cites this court's decision in *State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.). In *Eckles*, this court vacated Eckles' guilty plea to an OVI charge because the trial court did not substantially comply with the non-constitutional requirements of Crim.R. 11(C). *Id.* at ¶ 70. The trial court's advisements were not in substantial compliance because the trial court failed to inform Eckles of the 20-year look back provision for OVI offenses. *Id.* at ¶ 70.

**{¶24}** *Calvillo* is not applicable because the trial court incorrectly informed Calvillo of the potential sentence for each charge. *Eckles* is also not applicable because the trial court omitted an entire sentencing enhancement. In both of these cases, the trial court relayed incorrect information to the defendant. In this case, appellant was properly advised of the potential sentence on each charge and the cumulative total of all charges, not including merger or the possibility of concurrent sentences, was 64 and one-half years.

**{¶25}** The maximum penalty referred to in Crim.R. 11(C)(2)(a) refers to the sentence for each charge rather than the cumulative total of all sentences for all charges to which the defendant is pleading. *State v. Williams*, 7th Dist. No 11 MA 131, 2012-Ohio-6277 citing *State v. Johnson*, 40 Ohio St.3d 130, 133-134, 532 N.E.2d 1295 (1988). Because the trial court properly informed appellant of the maximum sentence for each individual count pursuant to R.C. 2929.14, the trial court substantially complied with the non-constitutional advisements of Crim.R. 11(C).

**{¶26}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶27}** We will address appellant's third assignment of error next because its resolution affects the resolution of his second assignment of error. It states:

Case No. 17 MA 0006

APPELLANT DID NOT ENTER A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA BECAUSE THE TRIAL COURT FAILED TO FULLY ADVISE HIM AT THE TIME OF HIS PLEA OF THE LIFETIME ARSON REGISTRATION REQUIREMENT IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶28}** Appellant argues that, under Crim.R. 11(C), the trial court was required to fully inform him about his lifetime arson offender registration requirement prior to accepting his guilty plea.

**{¶29}** As this assignment of error concerns appellant's guilty plea, it is subject to the same standard of review previously set forth.

**{¶30}** Appellant argues that offender registration requirements fall under one of the following two categories: remedial and punitive. With remedial registrations, the trial court is not required to inform defendants of the registration and notification requirements pursuant to Crim.R. 11. With punitive registrations, the trial court is required to inform defendants of the registration and notification requirements pursuant to Crim.R. 11. Appellant argues that the arson registration requirement is punitive in nature.

**{¶31}** Only one reference to the arson offender registration requirement was made at appellant's change of plea hearing:

> **THE COURT**: Did you also go over the notice of duties to register as an arson offender?
>
> **THE DEFENDANT**: Yes.

(Plea Tr. 16).

**{¶32}** The state points out that notice of arson registration is governed by R.C. 2909.14. Pursuant to R.C. 2909.14(A)(2), the trial court is only required to notify a defendant of the arson registration requirement if the judge does not sentence the defendant to a term of incarceration. Pursuant to R.C. 2909.14(A)(1), if the trial court does sentence a defendant to a term of imprisonment, the official in charge of the jail or prison

where an arson offender is sentenced is required to inform the arson offender of the registration requirement.

**{¶33}** The Eighth District has analyzed this statute specifically. In *State v. Rogers*, 8th Dist. Nos. 105335, 105518, 2017-Ohio-9161, the Eighth District concluded that an arson registration does not fall under the "maximum penalty" notification proscribed in Crim.R. 11(C)(2) because R.C. 2909.14 does not require the trial court to notify the defendant if the defendant is sentenced to a term of incarceration. *Id.* at ¶ 22-24. Based on *Rogers* and because appellant was sentenced to a term of incarceration, the trial court substantially complied with the non-constitutional advisements of Crim.R. 11(C) when it did not fully notify appellant of the lifetime arson registration requirement.

**{¶34}** Accordingly, appellant's third assignment of error lacks merit and is overruled.

**{¶35}** Appellant's second assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING WHEN APPELLANT PRESENTED FACTS SUPPORTING HIS CLAIM OF INNOCENCE.

**{¶36}** Appellant argues the trial court should have granted his motion to vacate his guilty plea for two reasons. First, appellant argues that the advisements the trial court gave him addressed in his first and third assignments of error render his guilty plea not knowing, intelligent, or voluntary. Second, appellant argues that he put forth sufficient facts which, if taken as true, would render his guilty plea a manifest injustice.

**{¶37}** Appellant entered his guilty plea on November 30, 2016. On December 20, 2016, appellant filed a pro se motion to withdraw his guilty plea. At the sentencing hearing on December 28, 2016, appellant orally withdrew his motion to vacate his guilty plea. (Sent. Tr. 7-8). Appellant then filed another pro se motion to withdraw his guilty plea on January 4, 2017. As such, his motion is a post-sentence motion to withdraw.

**{¶38}** The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment;

it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶39} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

{¶40} The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id.* at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963).

{¶41} Appellant first argues that his motion to withdraw his guilty plea should have been granted due to incorrect advisements by the trial court regarding his potential sentence and the arson registration. These arguments were previously addressed and lack merit. As such, they also lack merit regarding this assignment of error.

{¶42} As for the motion itself, it set forth two reasons for wanting to withdraw his guilty plea. First, he argued that the victim in this case, his girlfriend at the time, lied about material facts. Second, appellant argued that due to the burns he received from the house fire, approximately 70% of his body was burned and he was in a constant state of agony. He argued that this pain prevented him from thinking clearly and that he was told he would only receive proper treatment if he pleaded guilty.

{¶43} Appellant argues that the allegations in his motion to withdraw, if accepted as true, entitled him to at least a hearing on the motion. An evidentiary hearing is not warranted on a post-sentence motion to withdraw a guilty plea if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. McFarland*, 7th Dist. No. 08 JE 25, 2009-Ohio-4391, ¶ 22, citing *State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-

3663, ¶ 9. Appellant bears the burden of demonstrating a manifest injustice. Crim.R. 32.1; *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 11.

**{¶44}** Appellant's motion to withdraw had no evidentiary documents attached to it. The motion relied solely on appellant's allegations that he is innocent, the victim lied, and he would only receive proper medical care if he pleaded guilty. Moreover, a claim of innocence does not provide a reasonable basis for withdrawing the plea; otherwise withdrawal would effectively be an automatic right. *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 20 (11th Dist.) *citing U.S. v. Barker*, 514 F.2d 208 (D.C. Cir.1975).

**{¶45}** There is a tangential issue that appellant raises in this assignment of error. During the plea colloquy, appellant declared his innocence. First, appellant proclaimed, "[n]o. No, I didn't commit none of the crimes. (Plea Tr. 6).

**{¶46}** After appellant proclaimed his innocence, the trial court informed him that the plea agreement was conditioned upon him pleading guilty. (Plea Tr. 6-7). After appellant indicated that he understood he had to plead guilty in order to receive the plea agreement, the trial court continued with a standard Crim.R. 11 colloquy. (Plea Tr. 7-12). Appellant again proclaimed his innocence stating "I can't do it. No. It's a big lie. I don't - - I'm not pleading to them charges. It's crazy. This is outrageous." (Plea Tr. 12).

**{¶47}** The trial court then informed appellant that he had two choices: he could accept the plea agreement or continue with his scheduled trial where he would be tried on all counts. (Plea Tr. 13-14). The trial court informed appellant again of the potential sentence on each charge and the state and appellant's counsel informed the trial court that it was a combined potential sentence of 64 and one-half years of incarceration. (Plea Tr. 14). After a discussion off the record with his counsel, appellant accepted the plea agreement and entered his guilty plea. (Plea Tr. 15).

**{¶48}** Appellant contends that his claims of innocence both at his hearing and in his post-sentence motion are sufficient cause to withdraw his plea. However, as previously stated, a claim of innocence does not provide a reasonable basis to withdraw a plea of guilty. *Id.* Because appellant did not satisfy his burden in his motion to withdraw his guilty plea, the trial court's judgment denying the motion was proper.

Case No. 17 MA 0006

**{¶49}** Accordingly, appellant's second assignment of error lacks merit and is overruled.

**{¶50}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**