[Cite as *State v. Brown*, 2021-Ohio-2161.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ASHLEY BROWN

    Appellant

C.A. Nos.    20CA011646
                  20CA011649

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos .   19CRB01083
                  19CRB01084

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

---

HENSAL, Presiding Judge.

{¶1}    Ashley Brown appeals her convictions from the Lorain Municipal Court.  This Court affirms.

I.

{¶2}    Ms. Brown was charged in two separate criminal cases for conduct that occurred during the same incident.  In one case, the State charged Ms. Brown with 6 counts of endangering children.[1]  In the other case, the State charged Ms. Brown with one count of aggravated menacing, one count of obstructing official business, and one count of resisting arrest.  Ms. Brown pleaded not guilty, and the cases were tried together in one jury trial.  The jury found Ms. Brown guilty of

---

[1] The State included a charge for inducing panic in the summons but did not pursue that charge.  When Ms. Brown first attempted to appeal her convictions, this Court dismissed her attempted appeal for lack of a final, appealable order, concluding that the inducing-panic charge remained outstanding. The trial court subsequently dismissed that charge, and Ms. Brown filed the instant appeal.

all counts. Her argument on appeal, however, relates solely to her convictions for endangering children. This Court will limit its recitation of the facts accordingly.

{¶3} At trial, two police officers testified on behalf of the State, and Ms. Brown testified on her own behalf. Officer Payne testified that he responded to Ms. Brown's street after someone in that area called 911 and hung up before speaking with the operator. Upon arriving, he learned that Ms. Brown's boyfriend, E.S., had allegedly assaulted Ms. Brown.

{¶4} Officer Payne testified that he knocked on Ms. Brown's front door, and E.S. answered. Officer Payne asked E.S. to step outside to discuss what was going on, but E.S. refused. Ms. Brown eventually came to the door and likewise refused to exit the house. After a verbal dispute between Ms. Brown, E.S., and Officer Payne, Ms. Brown and E.S. eventually exited the house and were placed under arrest. The police then performed a protective sweep of the house and, in doing so, recovered a loaded gun.

{¶5} Officer Payne testified that he learned that Ms. Brown's six minor children were inside of the house. He also learned that one of her sons ("R.B.") had directed another officer, Officer Cambarare, to the loaded gun, which R.B. had removed from Ms. Brown's nightstand and hidden in a ceiling tile at some point during the incident. Officer Cambarare testified similarly, indicating that one of Ms. Brown's sons directed him to the loaded gun, which the son had moved from her nightstand to a ceiling tile. Officer Cambarare testified that the nightstand was easily accessible to anyone in the house, and that he did not observe a gun safe in the house.

{¶6} According to Ms. Brown, she kept her gun "next to [her] in [her] bed" in a combination-lock gun safe. She testified that she told R.B. to move that safe to the attic at some point during the incident. She explained that R.B. is a compulsive liar, and that the gun was not left unsecured on her nightstand. She further explained that one of her children must have found

the combination to the gun safe on her phone, opened the safe, and removed the gun, which explains how the police were able to recover it.

{¶7} Over defense counsel's objection, Officer Payne's dashcam video was played for the jury and admitted into evidence. On it, Ms. Brown can be heard disputing whether the police found her gun on her nightstand, and asking R.B.: "Didn't I tell you to get my gun out my room and put it up?" R.B. responded affirmatively.

{¶8} As previously noted, the jury found Ms. Brown guilty of the charged offenses. Ms. Brown separately appealed both criminal cases and requested that this Court consolidate those appeals, which this Court granted. She now raises two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING R.B.'S STATEMENTS THROUGH THE TESTIMONY OF OFFICER PAYNE AND OFFICER CAMBARARE DENYING ASHLEY BROWN HER RIGHT TO CONFRONTATION UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10.

{¶9} In her first assignment of error, Ms. Brown argues that the trial court erred when it allowed Officer Payne and Officer Cambarare to testify as to what her minor son, R.B., told them about her gun, violating her right to confrontation since R.B. did not testify at trial. She argues that R.B.'s statements regarding her gun were testimonial in nature, and that they were made after any alleged domestic dispute or emergency had resolved. She argues that this did not result in harmless error because, if the trial court had not admitted R.B.'s statements through the testimony of the officers, then information about the gun or her connection to it would not have been

admitted. As a result, she argues, there would have been no basis for the child-endangerment charges.

{¶10} The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against her. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The Confrontation Clause is implicated by the admission of out-of-court statements that are testimonial in nature when the declarant does not testify in the proceeding. *See Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 309-310 (2009). Only testimonial statements make a declarant a "witness" for purposes of the Confrontation Clause, and "[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006). We note that Article 1, Section 10 of the Ohio Constitution "'provides no greater right of confrontation than the Sixth Amendment.'" *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, ¶ 12, quoting *State v. Self*, 56 Ohio St.3d 73, 79 (1990).

{¶11} Evidentiary rulings that implicate the Confrontation Clause are reviewed de novo. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 97. Even if this Court were to find a constitutional error, that error "can be held harmless if we determine that it was harmless beyond a reasonable doubt." *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 78. "Whether a Sixth Amendment error was harmless beyond a reasonable doubt is not simply an inquiry into the sufficiency of the remaining evidence." *Id.* "Instead, the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Id.* "Errors can be harmless, however, if the evidence is cumulative of other properly admitted evidence." *State v. Calhoun*, 9th Dist. Summit No. 29604, 2021-Ohio-1713, ¶ 15.

{¶12} While the record makes clear that Ms. Brown's defense counsel objected to Officer Payne's testimony regarding R.B.'s statements about the gun, as well as the admission of the portion of Officer Payne's dashcam video that captured those statements, her defense counsel did not object during Officer Cambarare's testimony. Her statement to the contrary in her merit brief is not accurate. In fact, the portion of the transcript that she directs this Court to reflects her defense counsel's objection to the admission of Officer Payne's dashcam video after the State had rested; it does not reflect an objection made during Officer Cambarare's testimony.

{¶13} On direct examination, Officer Cambarare testified that he learned from one of Ms. Brown's children (presumably R.B.) that Ms. Brown kept her loaded gun on her nightstand, which was accessible to everyone in the house, and that he (the child) had moved it to a ceiling tile. Officer Cambarare testified that the child directed him to the ceiling tile where he (Officer Cambarare) retrieved and secured the gun. He also testified that he did not observe a gun safe in the house.

{¶14} Then, on cross-examination, defense counsel asked Officer Cambarare who told him about the gun. Officer Cambarare testified that he did not know the child's name, but recalled that it was one of Ms. Brown's older sons. Defense counsel then asked Officer Cambarare if the child told him where Ms. Brown usually kept her gun, and Officer Cambarare responded that the child told him she usually kept her gun on her nightstand.

{¶15} Even assuming that the trial court erred by allowing Officer Payne to testify regarding R.B.'s statements about Ms. Brown's gun, Ms. Brown cannot establish reversible error on appeal. The substance of Officer Payne's testimony as it relates to the gun (i.e., that Ms. Brown kept a loaded gun on her nightstand, that it was accessible to everyone in the house, that Ms. Brown's son moved that gun to a ceiling tile, and that Officer Cambarare retrieved that gun from

the ceiling tile) was cumulative of Officer Cambarare's testimony, which her defense counsel did not object to at trial. *See Calhoun*, 2021-Ohio-1713, at ¶ 14-16 (addressing cumulative evidence in a Confrontation Clause analysis). While the admission of Officer Cambarare's testimony could have been reviewed on appeal for plain error, Ms. Brown has not argued plain-error in her merit brief. *State v. Jordan*, 9th Dist. Summit No. 27005, 2014-Ohio-2857, ¶ 13 (acknowledging that, when not objected to at trial, Confrontation Clause claims are reviewed for plain error on appeal). This Court will not construct a plain-error argument on her behalf. *State v. Yates*, 9th Dist. Wayne No. 19AP0061, 2020-Ohio-6991, ¶ 24 (declining to create plain-error argument with respect to the appellant's Confrontation Clause claim on the appellant's behalf).

{¶16} Moreover, Ms. Brown testified on her own behalf, and acknowledged that she kept her gun "next to [her] in [her] bed[.]" Her testimony in this regard was consistent with Officer Payne's dashcam video wherein she can be heard asking R.B.: "Didn't I tell you to get my gun out my room and put it up?" While Ms. Brown maintained that the gun was secured in a combination-lock safe, her testimony at trial and statements recorded on Officer Payne's dashcam video undermine her argument on appeal that, without R.B.'s hearsay statements, there was no evidence connecting her to the gun and, therefore, no basis for the child-endangerment charge.

{¶17} Having reviewed the record, this Court cannot say that Ms. Brown has established that the trial court committed reversible error. Ms. Brown's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING R.B.'S STATEMENTS AS NONHEARSAY TO EXPLAIN POLICE CONDUCT, WHICH DENIED ASHLEY BROWN HER RIGHTS TO CONFRONTATION UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10.

{¶18} In her second assignment of error, Ms. Brown argues that the trial court erred by admitting R.B.'s statements as nonhearsay to explain the officers' conduct. Her argument in this regard reiterates much of the argument presented in her first assignment of error, and again challenges the use of the officers' testimony regarding what R.B. told them about her gun.

{¶19} In general, statements that are offered into evidence to explain an officer's conduct while investigating a crime are not hearsay. *State v. Blevins*, 36 Ohio App.3d 147, 149 (10th Dist.1987). The Ohio Supreme Court has recognized that, "in order for testimony offered to explain police conduct to be admissible as nonhearsay, the conduct to be explained should be relevant, equivocal, and contemporaneous with the statements; the probative value of statements must not be substantially outweighed by the danger of unfair prejudice; and the statements cannot connect the accused with the crime charged." *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, ¶ 27.

{¶20} As discussed in our resolution of Ms. Brown's first assignment of error, Ms. Brown did not object to Officer Cambarare's testimony regarding his conversation with R.B. She implicitly acknowledges this, asserting that, "[a]fter [Officer] Payne was allowed to testify to R.B.'s out-of-court statements under the ruse describing a police investigation, the door was open for [Officer] Cambarare to do the same." The fact that her defense counsel objected to Officer Payne's testimony regarding R.B.'s statements about her gun, as well as the admission of Officer Payne's dashcam video, did not relieve her defense counsel of his obligation to object to Officer Cambarare's testimony regarding what he learned from his conversation with R.B. *Compare Brady v. Stafford,* 115 Ohio St. 67 (1926), syllabus ("Where there has been a sufficient and specific objection to the admission of testimony concerning a conversation, which is overruled and exception noted, it is not necessary to repeat the objection whenever testimony of the same class

is offered as to the same conversation in order that the admission of such testimony may be urged as a ground of error in a reviewing court.").

{¶21} Even assuming that the trial court erred by allowing Officer Payne to testify regarding R.B.'s statements, the substance of that testimony was also admitted through Officer Cambarare's testimony, which her defense counsel did not object to at trial, and Ms. Brown has not argued plain-error on appeal. *See State v. Parsons*, 9th Dist. Lorain No. 18CA011328, 2019-Ohio-5021, ¶ 6 (noting that the failure to object to hearsay at trial results in a party forfeiting all but plain error on appeal); *Yates*, 2020-Ohio-6991, at ¶ 24 (declining to create plain-error argument on the appellant's behalf). Consistent with our resolution of Ms. Brown's first assignment of error, we cannot say that Ms. Brown has established that the trial court committed reversible error. Accordingly, her second assignment of error is overruled.

III.

{¶22} Ms. Brown's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROBERT J. FORESTALL, Attorney at Law, for Appellant.

JEFF SZABO, Prosecuting Attorney, and ROCKY RADEFF, Assistant Prosecuting Attorney, for Appellee.