[Cite as *State v. Brooks*, 2024-Ohio-420.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                        :

    Plaintiff-Appellee,          : CASE NO. 22CA17

    v.                           :

RAYMOND E. BROOKS,                    : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Christopher Pagan, Middletown, Ohio, for appellant[1].

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:2-1-24
ABELE, J.

{¶1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Raymond Brooks, defendant below and appellant herein, assigns five errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "BROOKS' PLEA TO F2 AGGRAVATED ARSON WAS
        UNCONSTITUTIONAL BECAUSE IT WAS NOT KNOWING,

_____

    [1] Different counsel represented appellant during the trial court proceedings.

INTELLIGENT, NOR VOLUNTARY."

SECOND ASSIGNMENT OF ERROR:

"TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ENFORCE THE STATE'S PLEA AGREEMENT TO A 10-YEAR REGISTRATION REQUIREMENT."

THIRD ASSIGNMENT OF ERROR:

"THE STATE BREACHED THE PLEA AGREEMENT'S TERM FOR A 10-YEAR REGISTRATION REQUIREMENT."

FOURTH ASSIGNMENT OF ERROR:

"THE PROSECUTOR'S FAILURE TO PROVIDE A BILL OF INFORMATION [SIC.] WAS PREJUDICIAL BECAUSE IT DEPRIVED BROOKS FROM UNDERSTANDING THE NATURE OF THE VANDALISM OFFENSE."[2]

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY IMPOSING COSTS."

{¶2} Appellant broke into his ex-girlfriend's home, stole a dog crate, opened faucets, flooded her home, vandalized her new boyfriend's truck and belongings, and later hired another man to set fire to her home.

{¶3} In May 2021, an Athens County Grand Jury returned an indictment that charged appellant with (1) one count of aggravated arson in violation of R.C. 2909.02(A)(2), a second-degree felony,

---

[2] Here it is obvious that appellant intended to include a "bill of particulars," but due to scrivener's error referred to a "bill of information."

3

(2) one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and (3) one count of vandalism in violation of R.C. 2909.05(B)(1)(b), a fifth-degree felony. Appellant pleaded not guilty to all charges.

{¶4} Appellant filed a request for a bill of particulars on August 18, 2021. After counsel withdrew and the trial court appointed new counsel, new counsel filed a request for a bill of particulars.

{¶5} At the August 9, 2022 change of plea hearing, appellee noted that appellant would change his plea to "guilty to the indictment," that the state and appellant did not reach a joint sentencing recommendation, and appellee sought a prison term. The state further noted that appellant will be required to register with the arson registry "annually for ten years." The trial court explained appellant's maximum prison sentence, fines, restitution, Reagan Tokes Act requirements, and postrelease control obligations. In addition, the court informed appellant that he would be "required to register annually [for the arson registry] for up to ten years." Appellant pleaded guilty to the indictment.

{¶6} At sentencing, appellee stated that appellant broke into ex-girlfriend Sunshine Mayles' apartment, stole a dog crate, turned on the faucets, flooded her home, damaged Mayles' new boyfriend

Joseph Byers' work truck, and, about a week later, hired another man to set fire to Mayles' home, drove him there and left. The person who set the fire pleaded guilty and agreed to testify against appellant. Appellee also pointed out that appellant has a 2001 arson conviction. The state requested 6 to 9 years in prison and restitution of $12,602 to Sunshine Mayles, $3,841.70 to Joseph Byers, and $1,200 to Joseph Bishop (home owner).

{¶7} Joseph Byers, victim in the vandalism count, stated that appellant vandalized his 1998 GMC 3500 1-ton flatbed truck, including the tires, window, door glasses, windshield, ignition switch, and toolbox lock. Byers uses the truck for his "trader business," where he offers "handyman services[,] * * * hauling stuff for people and helping clean out houses." Byers has "been out of work because of [the vandalism to his truck]" and lost customers because he does not have the estimated $2,300 for repairs. In addition to the vehicle, the flood and fire damaged his Apple Macbook Pro with vehicle diagnostic software valued at $1,400. In addition to the damage, appellant followed and threatened him. With other damages, the state sought $3,841.70 for Byers. Sunshine Mayles also sustained damages to property from the fire and flood that totaled $12,602. She also testified that appellant continued to threaten her after the crimes and while

released on bond.

{¶8} The trial court sentenced appellant to (1) serve a 12-month prison term on Count 3, vandalism, (2) serve a 36-month prison term on Count 2, burglary, to be served concurrently with Count 3, (3) serve an indefinite term of 8-12 years on Count 1 aggravated arson to be served concurrently to Counts 2 and 3 for a term of 8-12 years, (4) serve an 18-month to 3-year postrelease-control term, (5) pay $3,841.70 in restitution to Joseph Byers, (6) pay $12,602 in restitution to Sunshine Mayles, (7) pay $1,200 in restitution to Joseph Bishop, and (8) register with the R.C. 2904.14 arson offender registry annually for life. This appeal followed.

I.

{¶9} In his first assignment of error, appellant asserts that he did not enter a knowing, intelligent, and voluntary plea to the aggravated arson charge. Specifically, appellant contends that he "was made to believe that his F2 Aggravated Arson offense carried a 10-year registration requirement," but the trial court sentenced him to register with the Arson Offender Registry for life.

{¶10} "Crim.R. 11 governs the process of entering a plea." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 8. "A defendant enters a plea in a knowing, intelligent,

and voluntary manner when the trial court fully advises the defendant of all the constitutional and procedural protections set forth in Crim.R. 11(C) that a guilty plea waives." *State v. Day*, 2019-Ohio-4816, 149 N.E.3d 112, ¶ 23 (4th Dist.), citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *State v. Weber*, 4th Dist. Hocking No. 20CA6, 2021-Ohio-1804, ¶ 7. To achieve that goal, "the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *State v. Ruby*, 4th Dist. Adams No. 3CA780, 2004-Ohio-3708, ¶ 8, citing Crim.R. 11(C)(2)(a). During that colloquy, the court may not accept a plea in a felony case under Crim.R. 11(C)(2) without doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶11}** A trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b) when it reviews a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. "'[S]ubstantial compliance' means that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, ¶ 9, quoting *State v. Puckett*, 4th Dist. Scioto No. 3CA2920, 2005-Ohio-1640, ¶ 10, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979). When a trial court reviews a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), it must strictly comply with Crim.R. 11(C)(2)(c). *See Veney* at ¶ 18. However, "strict compliance" does not mean literal compliance. *State v. Adams*, 4th Dist. Washington No. 15CA44, 2016-Ohio-2757, ¶ 11, citing *State v. Kerns*, 4th Dist. Highland No. 15CA6, 2016-Ohio-63, ¶ 30-33. Thus, a court need not engage in a "word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Id.* at ¶ 12, citing *Veney* at ¶ 27.

{¶12} "The ultimate inquiry when reviewing a trial court's acceptance of a guilty plea is whether the defendant entered the plea in a knowing, intelligent, and voluntary manner." *Day, supra,* at ¶ 23, citing *Veney, supra,* 120 Ohio St.3d 176 at ¶ 7. "In determining whether a guilty or no contest plea is knowing, intelligent, and voluntary, an appellate court must examine the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Meade,* 4th Dist. Scioto No. 17CA3816, 2018-Ohio-3544, ¶ 6, citing *State v. Billiter,* 2018-Ohio-733, 106 N.E.3d 785, ¶ 15 (4th Dist.), citing *State v. Cooper,* 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

{¶13} In general, when an erroneous understanding of the applicable law induces a defendant's plea, the plea is not knowing or intelligent. *See State v. Felts,* 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 21 (guilty plea based on misinformation concerning an in limine ruling being appealable), citing *State v. Bryant,* 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, ¶ 14-16 (guilty plea based on misinformation concerning defendant's eligibility for judicial release). "A guilty plea that is not entered knowingly, intelligently, and voluntarily is void." *State v. Collins,* 4th Dist. Lawrence No. 18CA11, 2019-Ohio-3428, ¶ 7, citing *State v.*

*Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452, ¶ 22 (4th Dist.), citing *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

{¶14} In the case sub judice, during the change of plea hearing the prosecutor stated that appellant would be required to register with the arson offender registry "* * * annually for ten years." The trial court also stated that appellant "would be required to register annually for up to ten years."  Appellant contends that, although the statute permitted the trial court to impose a lifetime registration term, the prosecutor and trial court's erroneous statements "informed his decision" to plead guilty.  Thus, appellant did not enter his plea knowingly, intelligently, and voluntarily if based on the mistaken impression that his arson registry registration requirement would be ten years, when the trial court subsequently imposed a lifetime registration.

{¶15} An arson offender must register annually, in person, with the sheriff of the county in which he or she resides.  R.C. 2909.15.  This is a lifetime requirement, unless modified by the trial court.  R.C. 2909.15(D)(2).  Further, registration is mandatory for all arson offenders; an arson offender is any person convicted of arson or aggravated arson, or any person convicted of an attempt, conspiracy, or complicity in committing these crimes.

R.C. 2909.14(A), R.C. 2909.13(B)(1), and R.C. 2909.13(A).

Moreover, pursuant to R.C. 2909.14(A)(2), a trial court is not required to notify the offender of the arson offender registry requirements at sentencing if the court sentences the offender to a term of confinement: "If an arson offender is sentenced on or after the effective date of this section for an arson-related offense and the judge does not sentence the arson offender to a prison term * * * the judge shall provide the notice to the arson offender at the time of the arson offender's sentencing." Consequently, in the case at bar the statute does not require the trial court to notify appellant about the arson registry requirements at sentencing, much less at the plea hearing.

{¶16} The Second District Court of Appeals recently affirmed a conviction when the trial court failed to mention the arson registration notification during the plea hearing. In *State v. Perdue*, 2022-Ohio-722 , 185 N.E.3d 683,(2d Dist.), the court observed that, whether a consequence of a guilty plea is part of a defendant's maximum sentence turns on whether the consequence is part of the defendant's punishment or, instead, is a remedial, collateral consequence of the plea. *Id.* at ¶ 15. The *Perdue* court pointed to other appellate districts that have concluded that the arson registration requirements are a remedial, collateral

consequence, and a trial court's failure at the plea hearing to advise a defendant of the arson registration requirements does not violate Crim.R. 11(C)(a) or affect the knowing, intelligent, and voluntary nature of a defendant's plea. *Id.,* citing *State v. Rogers,* 8th Dist. Cuyahoga Nos. 105335, 2017-Ohio-9161, ¶ 25 (because they are collateral consequences and not punishment, Crim.R. 11 does not require a trial court to inform a defendant of registration and notification requirements), *State v. Magby,* 7th Dist. Mahoning No. 17MA6, 2019-Ohio-877, ¶ 33 (because appellant sentenced to term of incarceration, trial court substantially complied with non-constitutional advisements of Crim.R. 11(C) when did not fully notify appellant of lifetime arson registration requirement). Thus, with remedial registrations a trial court is not required to inform defendants of registration and notification requirements pursuant to Crim.R. 11. *Magby* at ¶ 30.

**{¶17}** In addition, other appellate districts that have considered the issue in the context of retroactive application have concluded that the arson registration scheme is remedial. *See State v.* Caldwell, 2014-Ohio-3566, 18 N.E.3d 467,¶ 21, ¶ 35 (1st Dist.), State *v. Jones,* 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 25; *State v. Reed,* 2014-Ohio-5463, 25 N.E.3d 480, ¶ 85 (11th Dist.); *State v. Galloway*, 2015-Ohio-4949, 50 N.E.3d 1001, ¶ 36

(5th Dist.)

{¶18} Therefore, although guilty pleas that involve some degree of misinformation may be invalid, see *Felts, supra,* and *Bryant, supra,* we conclude in the case sub judice that if the trial court is not required to notify appellant of arson offender registry requirements, the court's misstatement did not affect the validity of appellant's plea. Moreover, a lifetime arson registry registration requirement appears to pale in comparison to appellant's willingness to plead guilty to an indictment that includes an 8-to 12-year prison sentence.

{¶19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II.

{¶20} In his second assignment of error, appellant asserts that trial counsel provided ineffective assistance of counsel. In particular, he argues that trial counsel failed to enforce what he calls "the state's plea agreement" to a 10-year registration requirement.

{¶21} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance

of counsel for their defense.  The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

**{¶22}** To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his counsel's performance is deficient and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial.  *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85.  "Failure to establish either element is fatal to the claim."  *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.  Therefore, if one element is dispositive, a court need not analyze both.  *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (a defendant's failure to satisfy one of the ineffective-assistance-of-counsel elements "negates a

court's need to consider the other").

{¶23} Moreover, when considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g., State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988).

{¶24} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "'but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine the outcome.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *accord State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 91 (prejudice component requires a "but for" analysis). "'[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 695. Furthermore, courts ordinarily may not simply presume the existence of prejudice but, instead, must require a defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592, 2002 WL 507529 (Apr. 2, 2002); *see generally Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (prejudice may be presumed in limited contexts, none of which are relevant here).

**{¶25}** In the case sub judice, we first point out that the parties did not submit to the court a joint sentencing recommendation. Second, we conclude that even if we assume, arguendo, that a plea agreement limited the arson registration requirement to 10 years, we do not believe appellant has been

prejudiced. As appellee points out, a trial court is not required to notify an arson offender of his registration requirements if the offender is sentenced to a term of confinement. *State v. Magby*, *supra,* at ¶ 32. R.C. 2909.14(A)(2), Notice of arson offender's duty to register, provides:

> (A) Each arson offender shall be provided notice of the arson offender's duty to register personally with the sheriff of the county in which the arson offender resides or that sheriff's designee. The following persons shall provide the notice at the following times:
>
> * * *
>
> (2) If an arson offender is sentenced on or after the effective date of this section for an arson-related offense *and the judge does not sentence the arson offender to a prison term, term of imprisonment, or other term of confinement* in a jail, workhouse, state correctional institution, or other institution for that offense, the judge shall provide the notice to the arson offender at the time of the arson offender's sentencing. (Emphasis added).

Moreover, the record submitted in the case sub judice indicates that the change of plea document, that appellant signed, does not mention arson registration requirements. Further, the transcript from the change of plea hearing reveals that, concerning the Notice of Duty to Register as an Arson Offender, defense counsel stated, "We'll complete this at Sentencing at the conclusion of the case."

{¶26} Accordingly, based upon the foregoing reasons and because appellant did not establish prejudice, we overrule appellant's

second assignment of error.

III.

{¶27} In his third assignment of error, appellant asserts that the state breached the plea agreement's term for a ten-year registration requirement.  However, our resolution of assignments one and two renders appellant's third assignment of error moot.

IV.

{¶28} In his fourth assignment of error, appellant asserts that the prosecutor's failure to provide "a bill of information [sic.]" prejudiced him because it deprived him of understanding the nature of the vandalism offense.  In particular, appellant argues that the subsection of the vandalism statute listed in the indictment, R.C. 2929.05(B)(1)(b), criminalizes damaging property "necessary" for the victim's business, trade, or occupation.  Thus, appellant contends, the state must prove the damaged truck was necessary for the victim's business or trade and the state's failure to provide a bill of particulars prejudiced him.

{¶29} Our review of the record reveals that appellant filed a request for a bill of particulars each time the trial court appointed a new attorney, but the state failed to furnish appellant

with a bill of particulars notwithstanding those requests.

Crim.R. 7(E) provides:

When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney *shall furnish* the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires.

(Emphasis added.) *See also State v. Haynes*, __Ohio St.3d __, 2022-Ohio-4473, __ N.E.3d. __, ¶ 19 and ¶ 22.

Thus, appellee should have provided appellant with a bill of particulars. However, because appellant failed to raise this issue in the trial court, he has waived all but plain error. *See State v. Cooper,* 3d Dist. Marion No. 9-22-69, 2023-Ohio-2100, ¶ 13 (defendant waived all but plain error when failed to raise in trial court concerns about lack of bill of particulars, much less raise his constitutional argument).

{¶30} To establish plain error under Crim.R. 52(B), the party claiming error must establish: (1) that an error, i.e., a deviation from a legal rule, occurred; (2) that the error was an "obvious" defect in the trial proceedings; and (3) that this obvious error affected substantial rights, i.e., the error must have affected the outcome of the trial. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 36. Consequently, the appellant must

demonstrate a reasonable probability exists that, but for the trial court's error, the outcome of the proceeding would have been otherwise. *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, ¶ 35-36. Under the plain error standard, "the defendant bears the burden of 'showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.' " *West* at ¶ 22, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. Appellant bears the burden to establish prejudice. *See State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23. An appellate court has discretion to notice plain error and therefore is not required to correct it. *Id.; State v. Dixon,* 2022-Ohio-4454*,* 203 N.E.3d 770, ¶ 41 (4th Dist.).

{¶31} Here, appellant did not raise any plain error argument. *State v. Schneider*, 4th Dist. Athens No. 19CA1, 2021-Ohio-653, ¶ 47 (appellant did not suggest plain error and not appellate court's duty to construct argument), citing *State v. Steers*, 4th Dist. Washington No. 11CA33, 2013-Ohio-3266, ¶ 20. *Accord State v. Brown,* 9th Dist. Lorain Nos. 20CA011646, 2021-Ohio-2161, ¶ 15 (declining to construct plain-error argument on appellant's behalf); *State v. Oghojafor,* 2023-Ohio-44*,* 205 N.E.3d 687*,* ¶ 104 (12th Dist.)(declining to construct plain-error argument on

appellant's behalf). Furthermore, it is apparent that appellee provided many details that surrounded the commission of the offenses so that it is extremely doubtful that appellant did not have a complete understanding of the allegations and of his involvement.

{¶32} Thus, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.

V.

{¶33} In his fifth assignment of error, appellant asserts that the trial court erred when it imposed costs. In particular, appellant argues that his indigency affidavit showed no employment income, and, although he received disability, he parented two dependent children. Therefore, appellant contends, insufficient evidence existed to conclude that he could pay the confinement and assigned-counsel costs. Further, appellant argues that the trial court only announced prosecution costs at the sentencing hearing, but later included supervision, confinement, and assigned-counsel costs in the sentencing judgment entry.

{¶34} Appellee, however, argues that because the joint plea agreement included the requirement that appellant pay costs, the

trial court does not need to determine whether appellant has the ability to pay.

> Here, the plea agreement states:
>
> Plead to the indictment and argue sentencing. Joint recommendation for a presentence investigation. State to request the following restitution figures: Joseph Bishop: $1,200, Sunshine Mayles: $13,990, Joseph Byers, $3841.70. Mandatory post release control from 18 months to 3 years. Court costs to be paid at a time provided by the Court.

Consequently, appellant arguably agreed to pay all court costs as part of the negotiated plea agreement. Additionally, appellant has not lost the ability to seek a waiver of costs [under R.C. 2947.23(C)].) *State v. Savage*, 4th Dist. Meigs No. 15CA2, 2015-Ohio-4205, ¶ 32 (defendant not precluded from seeking waiver of costs based on claimed indigency since R.C. 2947.23(C) amendment); *State v. Williams*, 3d Dist. Auglaize No. 2-13-31, 2014-Ohio-4425, ¶ 17 (any error trial counsel made by failing to object to costs at sentencing not prejudicial when appellant retained ability to seek waiver under court's continuing jurisdiction granted in R.C. 2947.23(C)); *State v. Willison,* 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 27. However, it does appear that the trial court's imposition of "costs" may have included components beyond those that the parties contemplated at the time of their agreement.

{¶35} In *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, the Supreme Court of Ohio held that, although a

trial court may assess court appointed counsel fees without making an ability-to-pay finding, those fees should not be included as part of a sentence for a criminal conviction and, instead, should be listed separately as a civil matter and in a separate entry. It appears that *Taylor* may be applicable in the case at bar and the trial court and the parties should have an opportunity to re-visit this issue.

{¶36} Thus, based upon the foregoing reasons, we sustain appellant's final assignment of error. Accordingly, we hereby affirm the trial court's judgment in part, reverse the judgment in part, and remand the matter for further consideration of the imposition of court costs.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND REMANDED
FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part, and remanded for further proceedings.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

commences from the date of filing with the clerk.