[Cite as *State v. Perdue*, 2022-Ohio-722.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-21 |
| | : | |
| CHRISTOPHER RAY PERDUE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Christopher Ray Perdue appeals from his conviction, following a plea of guilty, for aggravated arson, burglary, and disrupting a public service. Perdue claims the trial court erred in accepting his guilty plea after failing to advise him during the plea hearing of the requirement to register as an arson offender. For the reasons that follow, we affirm.

## I.     Facts and Procedural History

{¶ 2} On January 11, 2020, Perdue trespassed into an unoccupied residence and started a fire therein. The fire destroyed the entire structure and eventually spread to an adjacent, occupied residence, causing significant damage to this structure. Thereafter, Perdue broke a window and entered a different residence. However, he left after encountering the homeowner. He then used a saw to cut through a power line to yet another residence.

{¶ 3} On January 21, 2020, Perdue was indicted on three counts of burglary, three counts of aggravated arson, one count of disrupting public services, and one count of possessing criminal tools. Following plea negotiations, Perdue agreed to enter guilty pleas to one count of aggravated arson, one count of burglary, and one count of disrupting public services. In exchange, the State agreed to dismiss the remaining counts. There was no agreement as to the length of each sentence, but the State agreed the sentences would be served concurrently.

{¶ 4} A plea hearing was conducted on September 22, 2020. On that date,

Perdue signed a plea form and an arson registration notification form.[1]   The trial court did not mention the arson registration notification form during the plea hearing.   However, the court otherwise conducted a proper Crim.R. 11(C) plea colloquy with Perdue and thereafter accepted his plea of guilty.[2]

{¶ 5} A sentencing hearing was conducted on October 15, 2020.   Prior to sentencing, the following colloquy took place:

THE COURT:   What was not placed on the record at the time of the plea - - at least I don't recall it being placed on the record - - is the fact that the defendant completed a form that is a notice of duty to register as an arson offender which indicated to him that he would be required to register in person with the sheriff of the county in which he establishes residency within ten days of coming into that county or if occupying a dwelling for more than three days of coming into the county

He is required to provide the sheriff certain information including Social Security number; full name and any alias; his residence address; information regarding the offense for which he was convicted or pled guilty; a description of any scars, tattoos, or other distinguishing marks on his person; the name and address of any places where he is employed or attends school; any driver's license number, commercial driver's license number, or state identification card number issued to him; the license plate

---

[1] The arson registration notification form was not filed of record until October 19, 2019.

[2] As noted below, Perdue does not challenge the trial court's plea colloquy regarding anything other than the failure to mention the arson registration requirements.

number of any vehicle or each vehicle owned or operated by the defendant or registered in his name. The vehicle identification number and description of the vehicle must also be provided to the sheriff.

He will [be] required to provide the sheriff fingerprints and palm prints. The sheriff will also obtain a photograph at the time of registration. The Defendant will be required to remit the registration fee of $50 to the sheriff, unless the fee is waived; and after the date of the initial registration, he will be required to register annually. He must update or amend any of the information described in this form that has changed and provide any additional information requested at the county sheriff's office within ten days of the anniversary of the calendar date on which he initially registered. He's required to pay a registration fee of $25 to the sheriff.

If he changes his residence address, he shall provide written notice of that change to the sheriff with whom he most recently registered and to the sheriff of the county in which he intends to reside.

For the record now, Mr. Perdue, do you remember going over this form and signing it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understood the requirements of registration?

THE DEFENDANT: Yes, Your Honor, I do.

Sentencing Tr. p. 4-6.

{¶ 6} The trial court then imposed a minimum prison term of eight years and

maximum term of 12 years for the aggravated arson conviction; a prison term of 24 months for the burglary conviction; and a 12-month sentence for the disrupting public services conviction.[3]   As agreed by the parties, the court ordered the sentences to be served concurrently.

**{¶ 7}** Perdue appeals.

## II.    Guilty Plea

**{¶ 8}** Perdue assigns the following as his sole assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ACCEPTING A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE [SIC] CONSITUTION [SIC] AND ARTICLE I, SECTION 18, OF THE OHIO CONSTITUTION.

**{¶ 9}** Perdue asserts that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to advise him that by pleading guilty to the arson count he became subject to the arson offender registration requirements of R.C. 2909.13, 2909.14, and 2909.15.

**{¶ 10}** Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary.   *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12.

---

[3] The record demonstrates that Perdue had a significant criminal history and had not responded favorably to prior sanctions.

A trial court's compliance with Crim.R. 11(C) ensures that a plea comports with due process. *State v. McElroy,* 2d Dist. Montgomery No. 28974, 2021-Ohio-4026, ¶ 14; *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6.

{¶ 11} Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant of the constitutional rights he is waiving by entering a plea. These rights are the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. Since constitutional rights are involved, strict compliance with this portion of the rule is required. *State v. Jones*, 2d Dist. Greene No. 2019-CA-811, 2020-Ohio-4667, ¶ 10, citing *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. A failure of strict compliance requires a finding that the plea is not consistent with due process; prejudice, under this circumstance, is presumed, and the plea must be invalidated. *Id.,* citing *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 16, *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

{¶ 12} Crim.R. 11(C)(2)(a) requires the trial court to determine that the plea is being made voluntarily, that the defendant understands the nature of the charge, the maximum penalty involved, and, if applicable, that the defendant is not eligible to be sentenced to a term of community control sanctions. Crim.R. 11(C)(2)(b) requires the trial court to determine that the defendant understands the effect of the plea and that the trial court, upon acceptance of the plea, may proceed to sentencing. Since Crim.R. 11(C)(2)(a) and (b) do not implicate constitutional rights, a trial court's partial compliance

with these portions of the rule, as opposed to strict compliance, does not necessarily require that the plea be vacated. Instead, the defendant must establish that the failure of strict compliance has caused prejudice. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. In this context, prejudice is measured by whether the defendant would have entered the plea if there had been full compliance with, as applicable, Crim.R. 11(C)(2)(a) or (b). *Id.* at ¶ 23. But, a trial court's complete failure to comply with either Crim.R. 11(C)(2)(a) or (b) eliminates the defendant's burden to establish prejudice.[4] *Id.* at ¶ 15.

**{¶ 13}** Perdue argues that the arson registration requirements are punitive and thus are part of the maximum penalty for an arson offense. Based on this view, Perdue argues that the trial court completely failed to address the arson registration requirements at the plea hearing, that this complete failure eliminated his burden to establish prejudice, and that, as such, his plea must be vacated. We disagree.

**{¶ 14}** An arson offender must register annually, in person, with the sheriff of the county in which he resides. R.C. 2909.15. This is a lifetime requirement unless modified by the trial court. R.C. 2909.15(D)(2). Registration is mandatory for all arson offenders; an arson offender is any person convicted of arson or aggravated arson, or

---

[4] As noted, Perdue signed an arson registration notification form on the date of the sentencing hearing. But the record is not clear if the form was signed before, during, or after the plea hearing. If signed before or at the plea hearing, and assuming that the registration requirements are part of the maximum penalty, it would seem that this constituted at least partial compliance with the trial court's obligation to inform Perdue of the maximum penalty. And, based upon what occurred at the sentencing hearing, Perdue could not demonstrate prejudice. Of course, given our conclusion that the registration requirements are not part of the maximum sentence, this issue does not require resolution.

any person convicted of an attempt, conspiracy, or complicity in committing these crimes. R.C. 2909.14(A), R.C. 2909.13(B)(1), and R.C. 2909.13(A). A failure to register is a fifth-degree felony. R.C. 2909.15(H).

{¶ 15} Whether a consequence of a guilty plea is part of a defendant's maximum sentence turns on whether the consequence is part of the defendant's punishment or, instead, is a remedial, collateral consequence of the plea. The appellate districts that have considered the issue have concluded that the arson registration requirements are a remedial, collateral consequence and that a trial court's failure at the plea hearing to advise a defendant of the arson registration requirements does not violate Crim.R. 11(C)(a) or affect the knowing, intelligent, and voluntary nature of a defendant's plea. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 105335, 105518, 2017-Ohio-9161, ¶ 25; *State v. Magby*, 7th Dist. Mahoning No. 17MA6, 2019-Ohio-877, ¶ 33.

{¶ 16} In *State v. Caldwell*, 2014-Ohio-3566, 18 N.E.3d 467 (1st Dist.), the First District Court of Appeals concluded that the retroactive application of the arson registration requirements did not violate the retroactivity clause of the Ohio Constitution, Article II, Section 28. This is germane to the present discussion because a remedial statute – as opposed to substantive one –may be applied retroactively without violating the Ohio Constitution. *Caldwell* concluded that the registration requirements are remedial. *Id.* at ¶ 21, ¶ 35.

{¶ 17} In reaching this conclusion, *Caldwell* discussed and distinguished *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which determined that the changes to Ohio's sex offender registration scheme made by S.B. 10 (the Adam

Walsh Act) were, in the aggregate, punitive, and thus the retroactive application of S.B. 10 violated the Retroactivity Clause of the Ohio Constitution. *Id.* at ¶ 21-22. *Caldwell* first noted the similarities between the arson registration and sex offender registration requirements as follows:

> * * * Both the sex-offender and arson-offender registration schemes have been placed within R.C. Title 29 - Ohio's criminal code. The failure to register under either scheme subjects offenders to criminal prosecution. Arson offenders are automatically subject to registration requirements upon conviction for any arson-related offense, "without regard to the circumstances of the crime or [their] likelihood to reoffend." They are not entitled to a hearing prior to classification, nor is there any opportunity for the court to review the appropriateness of the classification. Further, arson offenders are automatically subject to a lifetime reporting requirement—with a limited exception that permits the trial court to reduce their reporting requirement to no less than ten years, upon the request of the prosecutor and investigating officer.

(Citations omitted.) *Caldwell* at ¶ 33. But then the opinion outlined the differences between the two schemes as follows:

> Sex offenders must register in potentially three different counties—those in which they reside, work, and attend school—and some must register as frequently as 90 days. In contrast, arson offenders need only register annually in the county in which they reside. [There is a] stigma that follows

from an offender's placement on the public sex-offender registry. Conversely, the arson-offender registry is visible only to certain law-enforcement personnel. The sex-offender statutes impose stringent restrictions on where the offender is permitted to reside, whereas arson offenders are not subject to any residential restrictions. And while arson-registry violations may subject the offender to later prosecution, we think it notable that the failure to register is a low-level felony that carries a presumption of probation. R.C. 2909.15(H). This is markedly different from the failure of a sex offender to register, which constitutes a felony of the same degree as that of the underlying conviction. *See* R.C. 2950.99.

(Citations omitted.) *Id.* at ¶ 34.

{¶ 18} As noted, *Caldwell* concluded that the arson registration requirements are remedial and thus subject to retroactive application. *Id.* at ¶ 35. The other appellate districts that have considered the issue have all concluded that the arson registration scheme is remedial and, as a result, does not violate the Retroactivity Clause of the Ohio Constitution. *State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 25; *State v. Reed*, 2014-Ohio-5463, 25 N.E.3d 480, ¶ 85 (11th Dist.); *State v. Galloway*, 2015-Ohio-4949, 50 N.E.3d 1001, ¶ 36 (5th Dist.).

{¶ 19} Consistent with the *State v. Caldwell* analysis and the conclusion reached by our sister appellate districts, we conclude that the arson registration requirements are remedial, and thus they were not part of Perdue's maximum sentence. Therefore, the trial court was not required to inform Perdue of the arson registration requirements at the

plea hearing, though the better practice would be to have the discussion. Perdue's sole assignment of error is overruled.

## Conclusion

**{¶ 20}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Ian A. Richardson
Charles M. Blue
Hon. Richard J. O'Neill