[Cite as *State v. Harris*, 2023-Ohio-729.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-47 |
| | : | |
| v. | : | Trial Court Case Nos. 21-CR-0146; 21-CR-0822 |
| | : | |
| CHASE EMORY HARRIS | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 10, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

GLENDA A. SMITH, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Chase Emory Harris pleaded guilty to two felony offenses under separate indictments, and the trial court imposed an agreed-upon sentence. Appointed appellate counsel has filed a brief under the authority of *Anders v. California*, 289 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she could not find any arguably

meritorious issues for appellate review. We agree with counsel's assessment. As such, the trial court's judgments will be affirmed.

## Facts and Procedural History

{¶ 2} Harris had four pending indictments. But, as part of a plea agreement, two indictments were dismissed, leaving Clark C.P. Nos. 21-CR-146 and 21-CR-822. In Case No. 21-CR-146, Harris pleaded guilty to improper handling of a firearm in a motor vehicle, a fourth-degree felony, and in Case No. 21-CR-822, he pleaded guilty to having weapons under disability, a third-degree felony. The remaining counts in both indictments were dismissed. Finally, the parties entered into a joint sentencing recommendation under which it was recommended that Harris be sentenced to an 18-month prison term in Case No. 21-CR-146, to a 36-month prison term in Case No. 21-CR-822, and that the sentences be served consecutively to each other and consecutively to a prison term Harris was already serving.

{¶ 3} Upon acceptance of Harris's guilty pleas, the trial court imposed the recommended sentence. This appeal followed.

{¶ 4} As noted, Harris's appointed appellate counsel has filed an *Anders* brief, which includes counsel's request to withdraw as Harris's attorney. Harris was informed of his right to file a pro se brief, but such a brief has not been filed.

## *Anders* Standard

{¶ 5} Upon the filing of an *Anders* brief, an appellate court has a duty to determine,

"after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

### *Anders* Analysis

{¶ 6} Consistent with her duties under *Anders*, counsel has raised as a potential assignment of error the trial court's "fail[ure] to comply with Crim.R. 11 [when] accepting [Harris's] plea."

{¶ 7} On the issue of gauging whether a guilty plea has been entered in a knowing, intelligent, and voluntary fashion, we have stated the following:

> Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12. A trial court's compliance with Crim.R. 11(C) ensures that a plea comports with due process. *State v. McElroy,* 2d Dist. Montgomery No. 28974, 2021-Ohio-4026, ¶ 14; *State v. Russell*,

2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6.

Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant of the constitutional rights he is waiving by entering a plea. These rights are the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. Since constitutional rights are involved, strict compliance with this portion of the rule is required. *State v. Jones*, 2d Dist. Greene No. 2019-CA-811, 2020-Ohio-4667, ¶ 10, citing *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. A failure of strict compliance requires a finding that the plea is not consistent with due process; prejudice, under this circumstance, is presumed, and the plea must be invalidated. *Id.,* citing *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 16, *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

Crim.R. 11(C)(2)(a) requires the trial court to determine that the plea is being made voluntarily, that the defendant understands the nature of the charge, the maximum penalty involved, and, if applicable, that the defendant is not eligible to be sentenced to a term of community control sanctions. Crim.R. 11(C)(2)(b) requires the trial court to determine that the defendant understands the effect of the plea and that the trial court, upon acceptance of the plea, may proceed to sentencing. Since Crim.R. 11(C)(2)(a) and (b) do not implicate constitutional rights, a trial court's partial

compliance with these portions of the rule, as opposed to strict compliance, does not necessarily require that the plea be vacated. Instead, the defendant must establish that the failure of strict compliance has caused prejudice. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. In this context, prejudice is measured by whether the defendant would have entered the plea if there had been full compliance with, as applicable, Crim.R. 11(C)(2)(a) or (b). *Id.* at ¶ 23. But, a trial court's complete failure to comply with either Crim.R. 11(C)(2)(a) or (b) eliminates the defendant's burden to establish prejudice.

*State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 10-12 (2d Dist.).

{¶ 8} Based upon our independent examination of the plea colloquy, it would be frivolous to assert that the trial court did not strictly comply with all Crim.R. 11 requirements. And the record does not otherwise suggest that Harris's plea was less than knowing, intelligent, and voluntary. As such, it would be frivolous to argue that Harris's plea violated due process.

{¶ 9} We also note that under R.C. 2953.08(D)(1) a sentence is not subject to appellate review " * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution, and [the recommended sentence] is imposed by [the] sentencing judge. * * * If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 15-16. Since the three conditions are met in this case, any argument attacking Harris's sentence would lack any appellate merit.

**{¶ 10}** We have, in addition, reviewed the entire record. This review has not revealed any issue with potential appellate merit.

### Conclusion

**{¶ 11}** For the stated reasons, counsel is granted leave to withdraw as Harris's attorney, and the judgments of the Clark County Common Pleas Court are affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.