[Cite as *State v. Garrison*, 2023-Ohio-2002.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29673 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 00927 |
| | : | |
| JUSTIN L. GARRISON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 16, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

JOHNNA M. SHIA, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Justin L. Garrison appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to one count of failure to comply with an order or signal of a police officer and was sentenced to 18 months in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.        Facts and Procedural History

{¶ 2} On May 23, 2022, Garrison was charged with a single count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree. A few months later at the plea hearing, the State offered an agreed sentence of two years in prison. Garrison did not accept the State's offer and instead countered with a nine-month option. Ultimately, the parties agreed that Garrison would plead to the indictment and defer to the trial court for the length of his sentence. The court engaged in a detailed colloquy with Garrison, determined that he was voluntarily entering into the plea agreement, accepted the guilty plea, and ordered a presentence investigation (PSI).

{¶ 3} On August 31, 2022, the parties gathered for the disposition where Garrison argued for a nine-month sentence and the State reminded the court that there was no agreement as to sentence length. Citing the PSI and his extensive criminal record, the court sentenced Garrison to 18 months in prison, which by operation of law would run consecutively to a sentence he was serving out of Butler County.

{¶ 4} Garrison has filed a timely appeal which raises a single assignment of error.

## II.        Plea

{¶ 5} In his assignment of error, Garrison claims that the trial court should not have accepted his plea because it was not made in a knowing, intelligent, and voluntary manner. We disagree.

{¶ 6} To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as

much. *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 7} Crim.R. 11(C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he is waiving, like the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 11 (2d Dist.). Strict compliance with this Rule is required. A failure to do so invalidates the plea. *Id.*

{¶ 8} "A trial court must substantially comply with the notification of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with these notifications." *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant challenging a guilty plea on non-constitutional

grounds "must show a prejudicial effect" – in other words, "that the plea would otherwise not have been entered." *Thomas at* ¶ 38.

{¶ 9} In this case, there is no argument that the trial court did not fully advise Garrison of the constitutional or non-constitutional rights he was giving up by pleading guilty. Instead, he focuses on allegedly being promised a certain sentence that was not imposed. While there may have been some off the record, in-chambers discussion that the court was "leaning towards" giving Garrison a nine-month sentence, the record is clear that result was far from guaranteed. The trial court informed Garrison at the plea hearing that he could receive a 9, 12, 18, 24, 30, or 36 month prison term on the third-degree felony failure to comply charge and that, by law, it would have to be served consecutively to the prison sentence he was serving out of Butler County. He was also instructed that there would be a license suspension imposed.

{¶ 10} Later in the colloquy, when the court asked Garrison if anyone had promised him anything to plead guilty – other than what was put on the record – Garrison stated, "Just nine months." The State quickly replied that nine months was not the offer. "I just want to make sure that the defendant knows that is not promised." Hearing Tr. at 7. The court then clarified: "Yeah, let me back up a little bit. There was some discussion with your counsel that the Court is leaning toward giving you a nine-month sentence. But that is not the offer from the State and is not guaranteed from the Court." Hearing Tr. at 7. Garrison stated that he understood. The court further stated: "So there's no promises that are being made to you other than I'm going to decide what sentence I should impose. That could be anywhere from community control sanctions up to three years [in prison].

Do you understand that?" Hearing Tr. at 8. Again, Garrison affirmed that he did. Finally, at the end of the colloquy, Garrison indicated that he was entering into his plea voluntarily.

{¶ 11} Based on the record before us, we cannot say that the trial court erred by finding Garrison's plea to be voluntary. He was informed by both the State and the court that there was no promise or guarantee of a nine-month sentence and, on at least two occasions, he stated on the record that he understood the situation. Finally, even if Garrison claims that he was relying on the court's telling his counsel in chambers that it was "leaning towards" sentencing him to nine months, that would not be enough to overcome the evidence presented on the record that nine months was in fact *not* the offer. *See State v. Foster*, 3d Dist. Union No. 14-20-17, 2021-Ohio-3408, ¶ 29 (holding that "leaning toward" a sentence is not the same as a "promised" sentence, especially when advised on the record that the court could sentence up to the maximum and before the court knew the defendant's entire criminal history). The assignment of error is overruled.

### III. Conclusion

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.