**[Cite as *State v. Colquitt*, 2024-Ohio-2647.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-37 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-070 |
| | : | |
| PIERRE O. COLQUITT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 12, 2024

. . . . . . . . . . .

CARLO C. MCGINNIS, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Pierre O. Colquitt appeals from his conviction in the Clark County Court of Common Pleas after he pleaded guilty to one count of failure to comply with an order or signal of a police officer and was sentenced to an agreed term of nine months in prison. For the reasons that follow, the judgment of the trial court will be

affirmed.

## I.      Facts and Procedural History

{¶ 2} On January 19, 2021, and then again on January 25, 2021, Colquitt fled from Clark County law enforcement officers. As a result, he was indicted on four counts of failure to comply, but he was not served until February 2023 because he was incarcerated in other jurisdictions. Once back in Clark County, Colquitt entered into a negotiated plea agreement in which he pleaded guilty to Count One of the indictment in return for the dismissal of the other three counts. Additionally, the parties agreed to recommend a nine-month prison term. A misdemeanor driving under suspension case was also dismissed pursuant to the plea agreement.

{¶ 3} Colquitt was released on his own recognizance after the April 13, 2023 plea hearing to resolve other charges out of Warren County; the disposition was set for May 12. After months of delay due to continuances relating to calculation of jail-time credit, Colquitt was sentenced on August 10 to the agreed-upon nine-month term. He was also given 59 days of jail-time credit, a number far less than he had calculated. The jail-time credit calculation caused an angry outburst from Colquitt, who demanded that he be permitted to withdraw his guilty plea and accused the court of being racist.

{¶ 4} Colquitt filed a timely appeal.

## II.      Guilty Plea

Consecutive Sentence

{¶ 5} Colquitt's assignment of error features two parts. In the first part he argues

that his plea was invalidly made because "the Criminal Rule 11 colloquy, written Plea of Guilty, Entry of Judgment, Conviction, and Sentence were deficient in failing to fully explain the maximum penalties he would be facing." Appellant's Brief at 10. He specifically alleges that because the trial court failed to inform him that a sentence for failure to comply is required to be served consecutively to any other prison sentence, his plea was not made in a knowing, intelligent, and voluntary manner. We disagree.

{¶ 6} To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much. *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. For a plea to be made knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 7} Crim.R. 11(C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he is waiving, including the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 11 (2d Dist.). Strict compliance with the rule is required and a failure to do so invalidates the plea. *Id.*

{¶ 8} "A trial court must substantially comply with the notification of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b)," and a defendant generally must show prejudice before a plea will be vacated for failure to substantially comply with these notifications. *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 9} In this case, Colquitt does not assert that the trial court failed to advise him of any of his constitutional rights, but rather, that there was not substantial compliance with Crim.R. 11 because the court failed to inform him that a conviction and sentence for failure to comply statutorily required imposition of consecutive sentences. This argument, however, is without merit.

{¶ 10} We have previously rejected the proposition that a guilty plea to failure to comply (R.C. 2921.331(D)) is involuntary if the defendant is not told that the statute requires a consecutive sentence. *State v. Bailey*, 2d Dist. Montgomery No. 19736, 2004-Ohio-273, ¶ 16. Our reasoning was simple: Crim.R. 11(C) does not require that a defendant be told that his sentences may be imposed consecutively. *Id.; State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus; *State v. Nawman*, 2d Dist. Clark No. 2014-CA-6, 2015-Ohio-447, ¶ 31; *State v. Shade,* 2d Dist. Montgomery Nos. 29373 and 29374, 2022-Ohio-3845.

{¶ 11} Colquitt's argument – that a court must inform a defendant that a sentence

imposed pursuant to R.C. 2921.331(D) shall run consecutively to any other prison term – is not a new one and has actually been adopted by other Ohio appellate districts. *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044. The *Norman* court stated that when a statute mandates that sentences be served consecutively, the consecutive nature "directly affects the length of the sentence, thus becoming a crucial component of what constitutes a 'maximum' sentence." *Id.* at ¶ 7. More succinctly, when consecutive sentences are mandatory (as opposed to discretionary), a trial court must advise of that fact to achieve "substantial compliance" with Crim.R. 11(C). *See also State v. Milhoan*, 6th Dist. Lucas Nos. L-10-1328, L-10-1329, 2011-Ohio-4741.

{¶ 12} The holdings of cases like *Norman* and *Milhoan*, though, are only applicable "when the imposition of consecutive sentences is a foregone conclusion at the time the plea is entered and accepted, that is, only in cases where 'a mandatory, consecutive prison term was a guaranteed consequence of appellant's guilty plea.' " *Milhoan* at ¶ 35, quoting *Norman* at ¶ 9. There is nothing that requires the court to advise as to "the potential for consecutive mandatory sentencing." *Id.*

{¶ 13} When Colquitt pleaded guilty here, it was not a foregone conclusion that he would face consecutive sentences; it was the only charge he was facing in Clark County. He would not have had the possibility of facing consecutive sentences in Clark County, and while there were purportedly other charges pending in different jurisdictions, there was no way for the trial court to know the outcomes of those cases at the time of the colloquy.

{¶ 14} We conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) as

it pertained to Colquitt's constitutional rights and, at the very least, substantially complied with Crim.R. 11(C)(2)(a)-(b) as to his non-constitutional rights. The record demonstrates that Colquitt understood the nature of the charges against him, the maximum penalties involved, and his eligibility for community control sanctions. The court also informed Colquitt of the effects of his plea and that it could move directly to judgment and sentence (although in this case it did not immediately do so).

{¶ 15} Because the trial court complied with both the constitutional and non-constitutional requirements of Crim.R. 11, and because the Rule does not require that a defendant be told his sentences may be imposed consecutively, we conclude that Colquitt's plea was made in a knowing, intelligent, and voluntary way.

Jail-Time Credit

{¶ 16} In the second part of his assignment of error, Colquitt contends that the trial-court erred in calculating his earned jail-time credit; he believes he should have been granted much more than the 59 days credited to him.

{¶ 17} R.C. 2967.191 states that "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." *State v. Ragland*, 2018-Ohio-3292, 118 N.E.3d 1051, ¶ 20 (2d Dist.). However, any argument about jail-time credit is moot once a defendant has completed his or her sentence. *State v. Eleyet*, 2018-Ohio-4879, 125 N.E.3d 380, ¶ 6; *State v. Lucas*, 5th Dist. Guernsey No. 18 CA 10, 2018-Ohio-3227, ¶ 9-11.

{¶ 18} Colquitt was sentenced to nine months in prison on August 10, 2023. That

means that, at the very latest, his prison term expired in May 2024. (He was given jail-time credit for nearly 2 months, so he was likely released in March 2024.) Our search of the Ohio Department of Rehabilitation and Correction website confirms that Colquitt is no longer incarcerated. *See State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779 (court took judicial notice of ODRC website confirming that defendant was no longer incarcerated). Accordingly, there is no meaningful remedy available to him because he has completed his sentence. Colquitt's challenge to the trial court's calculation of jail-time credit is moot. *See State v. Pack*, 2d Dist. Montgomery No. 28459, 2020-Ohio-5210, ¶ 15; *Eleyet*, at ¶ 6. The assignment of error is overruled.

### III.     Conclusion

**{¶ 19}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.