[Cite as *State v. King*, 2025-Ohio-1570.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-51 |
| | : | |
| v. | : | Trial Court Case No. 24-CR-351 |
| | : | |
| BENNIE KING | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 2, 2025

. . . . . . . . . . .

CHIMA R. EKEH, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Bennie King appeals from his conviction in the Clark County Court of Common Pleas after he pleaded guilty to improper handling of a firearm in a motor vehicle and having weapons while under disability. He was sentenced to an aggregate term of 30 months in prison. For the reasons that follow, the judgment of the

trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} On May 7, 2024, King was indicted by a Clark County grand jury on four counts: Count 1 – carrying a concealed weapon; Count 2 – improper handling of a firearm in a motor vehicle; Count 3 – having weapons while under disability; and Count 4 – intimidation of an attorney, victim, or witness in a criminal case. After negotiations with the State, and on the date of trial, King agreed to plead guilty to improper handling of a firearm in a motor vehicle (Count 2) and having weapons while under disability (Count 3). In exchange, the State agreed to dismiss the remaining two counts. The parties also agreed to jointly recommend a 12-month sentence on Count 2 to be served consecutively to 18 months on Count 3, for a total sentence of 30 months in prison.

{¶ 3} Before the jury was excused, King told the trial court that he had concerns about his trial counsel's representation and performance. He claimed that his attorney had only met with him the day before to find out what happened. King stated that he was going to accept the plea because he believed his attorney was ill-prepared for trial. However, after additional back-and-forth between King, the court, and defense counsel, King stated that he was voluntarily giving up his jury trial and would plead guilty in accordance with the offer. The trial court then commenced with the Crim.R. 11 colloquy, accepted King's guilty plea, and proceeded to immediately sentence him to the agreed-upon 30 months in prison.

{¶ 4} King has filed this appeal, which raises two assignments of error.

## II. Voluntariness of the plea

{¶ 5} In his first assignment of error, King asserts that his plea was not voluntarily made because, essentially, he had no choice but to take the deal as his attorney was unprepared for trial. He also contends that the trial court was too involved in the process and "vouched" for his attorney.

{¶ 6} To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much. *State v. Harris*, 2021-Ohio-1431, ¶ 15 (2d Dist.). For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2012-Ohio-199, ¶ 13 (2d Dist.). "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 7} Crim.R. 11(C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he is waiving, namely the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, ¶ 11 (2d Dist.). Strict compliance with the rule is required. A failure to strictly comply with this part of the rule invalidates the plea. *Id.*

{¶ 8} Crim.R. 11(C)(2)(a) requires the court to determine that the plea is being made voluntarily, that the defendant understands the nature of the charge, the maximum penalty, and, if applicable, that the defendant is not eligible for community control

sanctions. *Id.* at ¶ 12. Crim.R. 11(C)(2)(b) requires the trial court to determine that the defendant understands the effect of the plea and that the trial court, upon acceptance of the plea, may proceed to sentencing. *Id.*

**{¶ 9}** Because Crim.R. 11(C)(2)(a) and (b) do not implicate constitutional rights, partial compliance with these portions of the rule, as opposed to strict compliance, does not necessarily require that the plea be vacated. Instead, the court must *substantially comply.* "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2017-Ohio-5501, ¶ 37 (2d Dist.). An outright failure to comply with non-constitutional rights will not invalidate a plea unless the defendant is prejudiced. *State v. Sarkozy*, 2008-Ohio-509, ¶ 20. The test for prejudice is whether the plea would have otherwise been made. *Id.*

**{¶ 10}** King concedes that the trial court complied with Crim.R. 11. Nevertheless, he argues that he had no choice but to plead guilty because his counsel was unprepared for trial. This claim is not substantiated by the record.

**{¶ 11}** At the start of the hearing, King alleged that his counsel was "not representing [him] to the best of his ability." Plea Tr. at 5. He stated:

> [M]y issue is [trial counsel] asked me what happened the day of arrest yesterday, the day before trial. Having been represented by someone that don't know exactly what was going on is the reason why I took the deal. For me to go to jury trial by someone that doesn't know what's going on is the reason why I took the deal.

Plea Tr. at 6.

{¶ 12} After hearing from King, the court told him, "[i]n no way do you have to plead today, to accept this plea negotiation. We can have a trial. That's completely up to you, but I'm not going to replace [Defense Counsel] at this time because there's nothing on the record that indicates he has not properly represented you." Plea Tr. at 6. The following exchange then occurred:

Court: [Defense Counsel], do you wish to address whether or not you [know] what's going on in this matter and if you're prepared for a jury trial today?

Counsel: All I can say is I'm prepared to go.

King: Your Honor, I'll take the deal.

Court: Well, Mr. King, I need to know whether or not you're knowingly doing this, or do you believe that you're being forced into doing this because of your disagreements with [Defense Counsel]?

King: I'm knowingly doing this, Your Honor.

Plea Tr. at 7. The transcript is clear: King voluntarily entered into his plea.

{¶ 13} Still, King contends that the court was too involved and that "the trial court took a partisan position in support of the plea by vouching for defense counsel[.]" Appellant's Brief at 8. While it is true that the trial court expressed its confidence in the attorney's ability to represent King, the record does not show that the court overtly favored a plea. The court specifically said: "In no way do you have to plead today, to accept this

plea negotiation. We can have a trial. That's completely up to you[.]" Plea Tr. at 6.

{¶ 14} Based on the record and his admission that the trial court complied with the Crim.R. 11 advisements, King's guilty plea was made in a knowing, intelligent, and voluntary manner. The first assignment of error is overruled.

### III.     Ineffective Assistance of Counsel

{¶ 15} In his second assignment of error, King also claims that he was subjected to ineffective assistance of counsel because his trial attorney did not adequately prepare for trial.

{¶ 16} To prevail on an ineffective assistance of counsel claim, a defendant must establish that his attorney was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test has two parts. First, he must show that counsel's performance was deficient. *Id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

{¶ 17} With respect to the first prong, deference is given to trial counsel. "[A] court must indulge in a strong presumption that the challenged action might be considered sound trial strategy. Thus, judicial scrutiny of counsel's performance must be highly deferential." *State v. Bird*, 81 Ohio St.3d 582, 585 (1998). To demonstrate prejudice, the second prong, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v.*

*Bradley*, 42 Ohio St.3d 136 (1998), first paragraph of the syllabus.

{¶ **18**} However, because a guilty plea is a complete admission of guilt, it waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.). The reviewing court must determine if the trial court substantially complied with Crim.R. 11 in accepting the plea. *State v. Webb*, 2015-Ohio-553, ¶ 15 (2d Dist.). If there was compliance, the plea was knowing, intelligent and voluntary. *Id.*

{¶ **19**} In this case, King admits that the trial court complied with Crim.R. 11(C) at the plea hearing. Appellant's Brief at 8. Our review of the transcript confirms that the court engaged in a thorough colloquy that complied with the requirements of Crim.R. 11. Further, when asked if he was knowingly entering the plea or if he felt forced, King answered: "I'm knowingly doing this, Your Honor." Plea Tr. at 7. Therefore, there can be no finding of ineffective assistance of counsel.

{¶ **20**} Even if that were not the case, King's argument that counsel was unprepared for trial is without merit. When directly asked by the court if he was ready for a jury trial, defense counsel stated, "All I can say is I'm prepared to go." Plea Tr. at 7. King's second assignment of error is overruled.

IV. **Conclusion**

{¶ **21**} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HANSEMAN, J., concur.