[Cite as *State v. Jennings*, 2026-Ohio-2105.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-26 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-0724(A) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| LANDAN JENNINGS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 5, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
RONALD C. LEWIS, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

RICHARD L. KAPLAN, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Landan Jennings appeals from his conviction in the Clark County Common Pleas Court following his guilty plea to one count of permitting child abuse. For the following reasons, the judgment of the trial court is affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On September 30, 2024, Jennings was indicted by a Clark County grand jury on two counts of murder, one count of felonious assault, one count of endangering children, and one count of permitting child abuse. The charges related to the death of Jennings's four-month-old son.

{¶ 3} On October 25, 2024, Jennings filed a plea of not guilty by reason of insanity and requested a competency examination. On January 10, 2025, Jennings was found competent to stand trial.

{¶ 4} On February 28, 2025, Jennings entered a negotiated guilty plea to one count of permitting child abuse, a first-degree felony. The State agreed to dismiss the remaining counts, but there was no agreement on sentencing. The trial court found Jennings guilty and ordered a pre-sentence investigation report ("PSI"). On March 25, 2025, the trial court sentenced Jennings to serve an indefinite prison term of a minimum of 11 years to a maximum prison term of 16½ years. Jennings timely appealed.

## II. Knowing, Intelligent, and Voluntary Guilty Plea

**{¶ 5}** Jennings's first assignment of error states:

MR. JENNINGS PLEA WAS NOT VOLUNTARY, KNOWING AND INTELLIGENTLY MADE AS THE COURT DID NOT COMPLY WITH OHIO RULE OF CRIMINAL PROCEDURE RULE 11(B)(1) AND (C).

**{¶ 6}** Jennings contends that the trial court's plea colloquy failed to comply with Crim.R. 11 and, therefore, his plea was not made knowingly, intelligently, and voluntarily. Specifically, Jennings argues that the trial court failed to inform him of the effect of his guilty plea as set forth in Crim.R. 11(B)(1).

**{¶ 7}** "Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures that the plea comports with due process. *State v. Perdue*, 2022-Ohio-722, ¶ 10 (2d Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969). Crim.R. 11(C)(2) instructs that in felony cases a trial court shall not accept a guilty plea without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to

3

confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8} In accordance with Crim.R. 11(C)(2)(b), when a defendant enters a guilty plea, the defendant must be informed that a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). This notification is nonconstitutional, *State v. Griggs*, 2004-Ohio-4415, ¶ 12, and may be given either orally or in writing. *State v. Jones*, 2007-Ohio-6093, ¶ 51. Because Crim.R. 11(C)(2)(a) and (b) relate to nonconstitutional issues, when a trial court fails to fully cover these aspects of the plea colloquy, "a defendant must affirmatively show prejudice to invalidate a plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*. at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "But a trial court's *complete failure* to comply with either Crim.R. 11(C)(2)(a) or (b) eliminates the defendant's burden to establish prejudice." (Emphasis added.) *State v. Perdue*, 2022-Ohio-722, ¶ 12 (2d Dist.), citing *Dangler* at ¶ 15.

{¶ 9} In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c) since it pertains to the waiver of constitutional rights. *State v. Brown*, 2007-Ohio-6675, ¶ 4 (2d Dist.). "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31.

{¶ 10} The trial court did not orally inform Jennings of the effect of his guilty plea using the language of Crim.R. 11(B)(1) at his plea hearing. While the State concedes this was

error, the State argues that because it was a nonconstitutional issue, Jennings must demonstrate prejudice, which he did not establish. Jennings, on the other hand, contends that he need not demonstrate prejudice because the trial court completely failed to comply with Crim.R. 11(C)(2)(b). Upon review, we conclude that the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b), and therefore Jennings is required to establish prejudice. He has not. The record reflects that the trial court otherwise engaged in a full Crim.R. 11 plea colloquy with Jennings personally. Therefore, we cannot conclude that Jennings entered his plea other than knowingly, intelligently, and voluntarily.

{¶ 11} At the beginning of the plea hearing, the prosecutor read into the record the plea agreement and a recitation of the facts alleged for the one count of permitting child abuse, a first-degree felony. The trial court then confirmed that Jennings understood the nature of the charges against him, the facts placed on the record by the prosecutor, and the terms of the plea agreement. Jennings denied that he was under the influence of any drugs or alcohol. The court advised Jennings of the maximum possible sentence and acknowledged that Jennings was eligible for community control sanctions. The trial court explained indefinite sentencing and the presumption of release upon the expiration of the minimum prison sentence. Jennings was advised of all the constitutional rights he was waiving by entering a guilty plea, the fact that he would be subject to post-release control upon his release from prison if he were sentenced to prison, and the effect of violating post-release control. The court informed Jennings that upon accepting his plea, the court would find him guilty, order a PSI, and schedule sentencing for a later date. In response to the court's inquiries, Jennings stated that he was entering his plea voluntarily, he had not been threatened or forced to enter a guilty plea, and he had not been promised anything other than the terms of the plea agreement.

5

{¶ 12} Notably, Jennings confirmed at the plea hearing that he had had the opportunity to review the plea form with his attorney and had signed it prior to entering his guilty plea. The last paragraph of his plea form stated, in part: "By pleading guilty I admit committing the offense and admit the facts set forth in the indictment." Considering the language in the plea form and Jennings's acknowledgment that he had had the opportunity to review the plea form with his attorney and sign it prior to entering his guilty plea, we conclude that the trial court did not completely fail to comply with its obligations under Crim.R. 11(C)(2)(b). Therefore, Jennings is not entitled to have his plea vacated unless he demonstrates prejudice. Jennings, however, has made no argument that he was prejudiced, and we cannot find prejudice on this record. Based on the record before us, we conclude that Jennings entered his plea knowingly, intelligently, and voluntarily. Jennings's first assignment of error is overruled.

### III. Sentencing Matters

{¶ 13} Jennings's second assignment of error states:

IN THE CLOSING ARGUMENT REGARDING SENTENCING THE PROSECUTOR UTILIZED AND ARGUED BASED UPON EVIDENCE NOT OF RECORD.

{¶ 14} Jennings asserts that the prosecutor put forth evidence during sentencing that was not part of the record upon which the trial court relied to impose the maximum possible sentence. We do not agree.

{¶ 15} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Pursuant to this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) the

6

record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id.*, citing *State v. Huffman*, 2017-Ohio-4097, ¶ 6 (2d Dist.). This case does not involve any of the specified findings listed in R.C. 2953.08(G)(2)(a), and therefore we need only consider whether Jennings's sentence is contrary to law.

{¶ 16} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). A trial court must nevertheless consider the statutory criteria that apply to every felony offense, including those set forth in R.C. 2929.11 and 2929.12. *State v. Mathis*, 2006-Ohio-855, ¶ 38. But an appellate court may not "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. "The inquiry is simply whether the sentence is contrary to law." *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.). "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 17} Jennings was convicted of one count of permitting child abuse in violation of R.C. 2905.13(A), which provides: "No parent, guardian, custodian, or person having custody of a child under eighteen years of age . . . shall cause serious physical harm to the child, or the death of the child, as a proximate result of permitting the child to be abused, to be tortured, to be administered corporal punishment or other physical disciplinary measure, or to be physically restrained in a cruel manner or for a prolonged period." Because the offense resulted in the death of a child, the offense was elevated to a first-degree felony. R.C. 2903.15(C). If a defendant is sentenced for a first-degree felony committed on or after

7

March 22, 2019, R.C. 2929.14(A)(1)(a) requires the sentencing judge to impose a "minimum term" from within the currently established sentencing range—in this case, 3 to 11 years in prison—and a "maximum term" of an additional 50 percent of the imposed minimum prison term. *See* R.C. 2929.144(B). Jennings was sentenced to a minimum indefinite prison term of 11 years and a maximum term of 16½ years, which was within the permissible sentencing range. Moreover, the record illustrates that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors provided by R.C. 2929.12, which were also included in the judgment entry. Jennings's sentence is therefore not contrary to law.

{¶ 18} Jennings argues that we should nevertheless reverse the trial court's sentence because the State improperly put forth evidence during the sentencing hearing that was not part of the record and was intended to "outrage the court." The State argues that the injuries to the child were documented in the medical records, which were available to the court, and included facts related to the underlying charge for which Jennings was convicted.

{¶ 19} At sentencing, the State asked the trial court to impose the maximum possible prison sentence. In support of its stance, the State rebuffed Jennings's allegations that he "gave [the child] love" and referred to the various injuries the four-month-old infant child endured. The prosecutor stated:

> [A]t the time of [the child's] death, his body was covered with bruises. He had bruises on his face, on his head, on his side, on his legs, on his arms. The child had a torn frenulum. He had a fracture of his forearm. He had fractures of both femurs. He had a large skull fracture. This child had healing rib fractures and a fresh rib fracture.

Sentencing Tr. 5.

{¶ 20} A trial court may consider "a broad range of information" at sentencing. *State v. Bowser*, 2010-Ohio-951, ¶ 13 (2d Dist.). "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." *State v. Bodkins*, 2011-Ohio-1274, ¶ 43 (2d Dist.), citing *Bowser* at ¶ 15-16. Given the charges dismissed under the plea deal and the facts and evidence contained in the record, it is not surprising that the trial court imposed a maximum sentence.

{¶ 21} While Jennings argues that the prosecutor's emphasis on the child's injuries, particularly the torn frenulum, was unsubstantiated and intended to outrage the court, we cannot agree. At disposition, the trial court heard the statements of Jennings and counsel and stated that it had considered Jennings's sentencing memorandum and the PSI, which this court has reviewed. The PSI included Jennings's statements along with copies of the police report, children protective services' records, autopsy results, and medical records. The child's documented injuries were detailed in the PSI and were consistent, if not worse, than those identified by the prosecutor at the sentencing hearing. Moreover, the contested statements were made in reaction to Jennings's statements in the PSI, which attempted to deflect responsibility for the conduct to which he pleaded guilty. Such a response was fair and appropriate.

{¶ 22} Jennings's sentence is within the statutory range for the offense, and the trial court considered the relevant statutory criteria. Accordingly, Jennings's sentence is not contrary to law. We overrule Jennings's second assignment of error.

## IV. Conclusion

{¶ 23} Having overruled the assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.